Filed 3/25/24  P. v. Chavez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDWARD CHAVEZ,<br><br>Defendant and Appellant. | E082677<br><br>(Super.Ct.No. FVI00077)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Dismissed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In August 2023, seeking postconviction relief in some manner, defendant and appellant Michael Edward Chavez mailed in propria persona to the San Bernardino Superior Court a document he entitled, "Motion for the Statistics of the Racial Injustice

1

Act AB 256 & SB 81." (Capitalization adjusted.) The motion consisted of two paragraphs, the first of which "ask[ed] th[e] Honorable Court for the Statistics." Defendant did not identify any particular statistical information he sought. The remainder of the paragraph suggested that the request was in reference to sentencing, but defendant's request was disjointed and unclear, as follows: "Where there is Prejudice in sentencing, and other prejudice of People of Color in the County of San Berna[r]dino and Victorville, CA. By the Police and the DA." The motion made no specific claim or claims of prejudice or discrimination and provided no underlying information or details to support defendant's statistics request.

The next paragraph then suggested the motion related to parole rather than sentencing. The paragraph stated: "And I am Petitioning this Honorable Court for an Attorney to Help . . . with My Writ of Habe[a]s Corpus on Parole Denial. I have no history of violence."[1]

In conclusion, the motion cited "YOUNG V. SUPERIOR COURT OF SOLANO COUNTY." In that case, the appellate court held that a moving party's good cause showing of plausible justification regarding potential violations of the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1) was necessary, but not sufficient, for the defendant to obtain pretrial discovery related to charging decisions in assertedly similar

---

[1] The appellate record includes trial court minutes and an abstract of judgment for defendant's December 1993 jury trial conviction for two counts of assault with a deadly weapon. The record also includes an abstract of judgment for a subsequent burglary conviction in 1996 for which, with two prior strikes, defendant was sentenced to an indeterminate term of 25 years to life.

cases.  (*Young v. Superior Court* (2022) 79 Cal.App.5th 138, 144; see Pen. Code, § 745 [codification of the Racial Justice Act; discussed in *Young*].)  Among many factors besides the requisite good cause showing, the trial court must also consider and balance: (1) whether the requested material was adequately described, and (2) whether the material is reasonably available to the government entity from which it is sought or if the material is elsewhere available to the defendant.  (*Young*, at pp. 144-145.)

The trial court denied defendant's motion.  The court's minute order stated:  "The Court is unaware of any records as requested in the motion.  The request for records is denied because the motion does not adequately describe the records sought and the motion does not allege facts constituting good cause as required.  See PC745(d)."  Defendant appealed.

This court appointed counsel to represent defendant on appeal.  Counsel subsequently filed a brief stating that her record review disclosed no arguable appellate issues, including after consultation with another attorney at Appellate Defenders, Inc.  Counsel summarized the background relevant to defendant's appeal and requested that we review the matter under the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 (*Delgadillo*).)  Counsel recognized that we have no obligation to search the record independently for arguable issues.  (*Id.* at pp. 226-228.)  Counsel advised defendant he could personally file a supplemental brief to raise an arguable issue.

This court similarly gave defendant written notice of his opportunity to file a supplemental brief, cautioning that failure to do so "may result in the dismissal of the

3

appeal as abandoned." Defendant did not respond. For postjudgment claims, when the defendant does not file a supplemental brief, the appellate court "may dismiss the appeal as abandoned." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We conclude that is the proper result here.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER<br>
Acting P. J.

We concur:

CODRINGTON
         J.

FIELDS
         J.